## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MAGNOLIA FLEET, LLC AND RIVER TUG LLC AS OWNER AND OPERATOR OF THE M/V LOUISIANA FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION NO: 2:22-cv-00504 <br><br> DISTRICT JUDGE: HON. ELDON E. FALLON <br><br> MAGISTRATE JUDGE: HON. DANA M. DOUGLAS <br><br> Admiralty – Rule 9(h) |

## ORDER AND REASONS

The Court has before it Magnolia Fleet, LLC's Motions to Dismiss Claimants Valero Refining New Orleans, LLC ("VRNO"), Entergy Louisiana, LLC ("Entergy"), and Maintenance Dredging Refining New Orleans, LLC ("Maintenance Dredging"). R. Doc. 18; R. Doc. 22; R. Doc. 23. Having considered the briefing and the applicable law, the Court rules as follows.

### I.    BACKGROUND

This suit arises out of alleged property damage caused by unmoored vessels during Hurricane Ida on or around August 29, 2021. R. Doc. 1 at 3. Claimants[1] allege that due to Petitioner's[2] willful, wanton, and reckless manner of operation of their vessels, multiple allisions took place causing damage to Claimants' property.  R. Doc. 4 at 2. Petitioners filed for Exoneration From or Limitation of Liability on February 25, 2022.  Claimants VRNO, Maintenance Dredging, and Entergy filed timely answers to the complaint. R. Doc. 4; R. Doc 6; R. Doc. 7.

### II.    PRESENT MOTIONS

---

[1] Valero Refining New Orleans LLC, Maintenance Dredging Refining New Orleans, L.L.C, Entergy Louisiana, L.L.C., collectively, "Claimants"

[2] Magnolia Fleet, LLC, River Tug, LLC, collectively, "Petitioners"

Petitioner Magnolia Fleet, LLC ("Magnolia Fleet") filed the instant motions to dismiss claimants VRNO, Entergy, and Maintenance Dredging on May 20, 2022 for the first claimant and May 23, 2022 for the latter two. R. Doc. 18; R. Doc. 22; R. Doc. 23. Petitioners allege Claimants failed to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) or, in the alternative, move for more definite statement pursuant to Federal Rules of Civil Procedure 12(e). Petitioners allege that Claimants have failed to specifically state which barge or vessel(s) allided with its dock, nor does it sufficiently describe the damage they sustained to their docks. R. Doc. 18-1 at 2.

Claimants respond that under the plausibility pleadings rule established in *Twombly*, they have met their burden of stating a claim that (1) on its face (2) contains enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. R. Doc. 47 at 3; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Claimants further allege that the specific facts that Petitioner asserts are lacking in their claims will be provided through discovery. R. Doc. 47 at 5.

III.   **APPLICABLE LAW**

A.   **12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When evaluating a 12(b)(6) motion, the Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). However, a court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

B.   **12(e)**

Rule 12(e) provides, in pertinent part, that:

[a] party may move for a more definite statement of a pleading to which a responsive pleading

is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Fed. R. Civ. P. 12(e). A motion for a more definite statement is proper "[w]hen a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief," such that "the defendant cannot reasonably be expected to frame a proper, fact-specific . . . defense." *Thomas v. Indep. Twp.*, 463 F.3d 285, 301 (3d Cir. 2006). However, a motion for a more definite statement "is inappropriate where the information sought can otherwise be obtained by discovery." *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006). This type of motion is "further disfavored when 'the particular information defendant is seeking is within defendant's own knowledge, which mitigates in favor of denying the motion.'" *Id.* (quoting *Concepcion v. Bomar Holdings, Inc.*, 1990 WL 13257, at *2 (S.D.N.Y.1990)).

## IV.   DISCUSSION

### A.   12(b)(6)

The Fifth Circuit has described dismissal at the pleading stage as a "draconian remedy" suitable only in "extreme circumstances." *See, e.g.*, *Marshall v. Segona*, 621 F.2d 763, 767 (5th Cir. 1980). A Rule 12(b)(6) motion tests the sufficiency of the pleadings, not the merits of the case. *See Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020). Accordingly, this Court takes the well-pleaded factual allegations of a complaint as true and views them in the light most favorable to the plaintiff. *See id.* In this case, Magnolia Fleet complains that VRNO, Entergy, and Maintenance Dredging do not allege sufficient facts to have a plausible claim against them for maritime negligence. R. Doc. 18-2 at 4; R. Doc. 22-2 at 4; R. Doc. 23-2 at 4. The crux of its claim is that because Claimants fail to identify the specific vessels which allided with Claimants' property, they "fail[] to describe with sufficient detail the property which allegedly caused the claimed damage." R. Doc. 22-2 at 4. Petitioners argue that their pleadings are sufficient at the 12(b)(6) stage.

### i.   VRNO

To state a claim for relief under maritime law, the "plaintiff must 'demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by [the] plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury.'" *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000) (quoting *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991)). Here, all

elements of a maritime negligence claim are set out in VRNO's claim or are easily inferable from the facts alleged. VRNO identifies Petitioners as fleeters and alleges that VRNO sustained damages to its shoreside facilities as a result of the breakaway of barges in the Magnolia Fleet. Maritime law is clear that a fleeter owes a duty to exercise reasonable care for the barges in its custody. *See, e.g.*, *Dow Chem. Co. v. Barge UM-23B*, 424 F.2d 307, 311 (5th Cir. 1970). Taken as true, VRNO has alleged that barges under Magnolia Fleet's control allided with VRNO's docks on account of Magnolia Fleet's negligence and that significant damage occurred as a result. The fact that VRNO cannot at this stage allege with specificity which barges allided with its docks is immaterial; the complaint contains enough factual matter to raise a reasonable expectation that discovery will reveal this evidence. See *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009)

### ii.    Entergy

Similarly, Entergy has pleaded sufficient facts to avoid dismissal at this stage. Entergy has alleged that the barge breakaways were a direct consequence of Magnolia Fleet's negligence and failure to take all necessary steps to avoid the incident, asserting that Magnolia Fleet was in control of the offending barges and failed to observe the Inland Rules of the Road and other regulations and safety practices designed to avoid maritime accident. Entergy identified its ownership interest in the Waterford Facility at Mile 130 of the Mississippi River and asserted that the facility sustained physical damages and costs of repair exceeding $1,939,128 as a result of the allision with barges under Magnolia Fleet's control. Entergy is not required to be able to identify the exact barges which were involved in that allision to survive dismissal at this stage.

### iii.    Maintenance Dredging

For the same reasons, the Court denies Magnolia fleet's 12(b)(6) motion as to Maintenance Dredging. Maintenance Dredging alleges that due to the fault or neglect of Magnolia and the M/V LOUISIANA one or more barges in Magnolia's Mile 122 Fleet broke free their moorings, allided with the barges contained in Florida Marine's Fleet, which, in turn, caused barges in the Florida Marine Fleet to break apart and ultimately allide with vessels in MDI's fleet causing damage. It claims that neglect in failing to secure its barge fleet and permitting barges to break away, and the failure of Magnolia Fleet and the M/V LOUISIANA to take proper and correct action to resecure the barges, were the proximate cause of the incurred damage. Allowing this case to proceed to discovery will fill in the details as to which particular barge or barges from the Mile 122 Fleet actually broke free and were involved in the allisions in question.

**B. 12(e)**

Rule 12(e) is "only successfully invoked where (1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice." *Sylve v. K-Belle Consultants*, 2020 WL 59651, at *2 (E.D. La. Jan. 6, 2020). Here, Petitioners' pleadings are not "so vague or ambiguous that the party cannot reasonably prepare a response." Additionally, A motion for a more definite statement "is inappropriate where the information sought can otherwise be obtained by discovery." *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006). As the Court has found, the additional facts that Magnolia Fleet seeks to have Petitioners add to their claims can be obtained by discovery. Accordingly, Claimant's motions under Rule 12(e) must also be denied.

**V.    CONCLUSION**

For the foregoing reasons, the Court DENIES Magnolia Fleet's Motions to Dismiss or in the alternate for a More Definite Statement, R. Docs. 18; 22; 23.

New Orleans, Louisiana, this ____28th____ day of____July____, 2022.

_____

**UNITED STATES DISTRICT JUDGE**