UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION |
| OF MAGNOLIA FLEET, LLC AND | | |
| RIVER TUG LLC, AS OWNER AND | * | NO. 22-504 |
| OPERATOR OF THE M/V LOUISIANA | | |
| FOR EXONERATION FROM AND/OR | * | SECTION "L" (2) |
| LIMITATION OF LIABILITY | | |

**ORDER AND REASONS**

Before me is non-party PSC Parent, Inc.'s Motion to Quash Subpoena Duces Tecum issued by claimant Rocky Hickman. ECF No. 221. Claimant Hickman timely filed an Opposition Memorandum. ECF No. 227. Movant sought leave and filed a Reply Memorandum. ECF Nos. 230-32. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion to Quash is GRANTED for the reasons stated herein.

**I.    BACKGROUND**

Claimant Rocky Hickman was employed by Lebeouf Bros. Towing as a captain assigned to the M/V NANCY SONIER during Hurricane Ida on August 29, 2021. He alleges that the M/V NANCY SONIER was docked at Magnolia Fleet's facility on the Mississippi River and Magnolia Fleet allowed various tugs to tie off to fleeted barges and tiers of barges broke free during Hurricane Ida and damaged the M/V NANCY SONIER, endangering the vessel, the crew and himself. ECF No. 69 ¶ 5, at 7. Plaintiff alleges that he sustained severe injuries to his mental health and has since been diagnosed with post-traumatic stress syndrome, depression and anxiety. *Id*. (second) ¶ 5. Magnolia Fleet filed a counterclaim alleging that Hickman failed to control the

barges and assist in retrieving the barges, abandoned ship, and caused the M/V NANCY SONIER and its crew to uncouple and break out barges from tier 2.  ECF No. 76 ¶¶ 8-9, at 14-15.

During discovery, Claimant issued a subpoena duces tecum to non-party PSC Parent, Inc. and other entities, none of which has any role or involvement in the underlying proceeding.  ECF No. 221-1 at 2.  The subpoena duces tecum demands production of several categories of documents:

1. PSC Parent, Inc.'s safety policies and procedures regarding hurricane/weather-related events, preparedness, and reporting of same in effect at the time of Hurricane Ida and include any and all amendments, updates or pending updates through present.
2. PSC Parent, Inc.'s post-incident investigation following the impact of Hurricane Ida on August 29, 2021 and the subsequent breakaway ("the Incident") involved in the above captioned proceeding.
3. PSC Parent, Inc.'s TSMS pertaining to hurricane preparation for its fleet locations.
4. Any and all emails of PSC Parent, Inc.'s internal of the company and external to/and or from customers, pertaining to its preparation/planning/actions for Hurricane Ida and operational decisions concerning its fleeting operations relating to Hurricane Ida.
5. The Barge Fleeting Standard of Care and Streamline Inspection Program Guide Book from Greater New Orleans Barge Fleeting Association.[1]

In its Motion to Quash, Movant argues that it is the parent holding company of PSC Group, LLC which owns and operates a marine service operation on the Mississippi River.  ECF No. 221-1 at 4.  It argues that PSC Group was neither named nor served with the subpoena, and that claimant issued the subpoena to the wrong entity, which justifies quashing same.  *Id.* at 4.  Movant further argues burden, relevance, and that the information sought is confidential and proprietary information.  *Id.* at 4-5.  In its Reply Memorandum, movant argues that the Court should grant the motion to quash for the same reasons as set forth in its Order and Reasons dated March 15, 2023.  ECF Nos. 228, 232.

---

[1] ECF No. 221-2 at 7-8.

In Opposition, Claimant argues that privilege and work product were not supported by evidence, although movant has not argued either in response to the subpoena. ECF No. 227 at 4-5. He further argues that the discovery is not duplicative or overly burdensome. *Id.* at 5-6. Claimant concedes that items 2 and 5 are not needed at this point, but he still seeks 1, 3 and 4. *Id.* at 3.

## II.   ANALYSIS

Initially, the law is clear that a responding party must produce responsive documents not only that are within that party's actual, physical possession, but also documents that are within the party's constructive possession, custody or control. FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1). A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty.[2] The burden is on the party seeking discovery to show that the other party has control over the material sought.[3]

To establish control over documents in the possession of a non-party, the movant must typically show that there is "a relationship, either because of some affiliation, employment or statute, such that a party is able to command release of certain documents by the non-party person or entity in actual possession."[4] Factors to consider in determining whether a party has "control" of materials include whether the party could secure the materials from the non-party to meet its own business needs or whether, by virtue of stock ownership or otherwise, the party effectively

---

[2] *Becnel v. Salas*, No. MC 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).
[3] *Washington-St. Tammany Elec. Coop., Inc. v. Louisiana Generating, L.L.C.*, No. 17-405, 2019 WL 1804849, at *7 (M.D. La. Apr. 24, 2019) (citation omitted).
[4] *Southern Filter Media, LLC v. Halter*, No. 13-116, 2014 WL 4278788, at *5 (M.D. La. Aug. 29, 2014) (citations omitted); *see also Gerling Int'l Ins. Co. v. Comm'r*, 839 F.2d 131, 140–41 (3d Cir. 1988) (citing cases finding requisite control between parents and subsidiaries, and sister corporations).

controls the other entity.[5]  In determining the sufficiency of control over material for discovery purposes, the nature of the relationship between the party and the non-party is key.[6]  Thus, "possession, custody, and control" does not simply contemplate physical and actual possession, but rather whether the responding party could come into possession of the requested document upon reasonable inquiry.[7]

Regardless, as previously articulated in this Court's Order and Reasons dated March 15, 2023 (ECF No. 228), the current parameters for permissible discovery, as established by Rule 26(b)(1), extend to that which is non-privileged, relevant to claims and defenses in the case and within Rule 26's proportionality limits.  Claimant does not address whatsoever the proportionality limitation of Rule 26.  And while Claimant asserts in a conclusory manner that the evidence sought is relevant, he fails to identify how another company's safety policies, post-hurricane investigations, or emails with its own customers can have any possible relevance to any claim or defense in this matter involving Magnolia Fleet.  Presumably (because Claimant does not expressly argue), he seeks information from other fleet owners to establish industry custom or practice. While industry custom or practice may have some marginal relevance,[8] Claimant cannot establish an industry custom or practice simply by introducing procedures of a few industry participants.

---

[5] *Benson v. Rosenthal*, No. 15-782, 2016 WL 1046126, at *4 (E.D. La. Mar. 16, 2016) (citations omitted) (noting that, "under some circumstances courts interpret the control concept to go beyond whether the litigant has a legal right to obtain materials and focus on practical ability to obtain them.").

[6] *Washington-St. Tammany Elec. Coop., Inc*., 2019 WL 1804849, at *7 (quoting *Monroe's Estate*, 2004 WL 737463, at *10).

[7] *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4905796, at *3-*4 (E.D. La. Jan. 15, 2020) (citing *Becnel*, 2018 WL 691649, at *3 ("Rule 34's definition of possession, custody, or control, includes more than actual possession or control of [documents]; it also contemplates a party's legal right or practical ability to obtain [documents] from a [non-party] to the action")).

[8] Evidence of industry custom is required in limited situations.  *E.g., Echo Powerline, LLC v. OSHA*, 968 F.3d 471 (5th Cir. 2020); *Deloach Marine Servs., LLC v. Marquette Trans. Co., LLC,* No. 17-2790, 2019 WL 1451150 (E.D. La. Apr. 2, 2019) (discussing competing expert testimony on claim of negligence for failure to comply with industry customs).  Even conformity with industry custom is not controlling and must not be taken as the legal standard of care and negligence.  *See, e.g., Gunn v. Mid-South Health Dev.*, 211 F.3d 126 (5th Cir. 2000) (unpublished).

Rather, evidence regarding industry custom or practice would require an expert with sufficient knowledge, training and skill to opine on the industry custom or standards.[9]

Further, whether Magnolia Fleet's hurricane preparedness plans comply with federal regulations must be determined by a comparison of its plan to the regulatory requirements, not by comparison of its plan to competitors' plans. Introducing policies and procedures or post-hurricane investigation of competitors serves no purpose and would only confuse the issues. As such, competitors' policies and plans do not bear on any claim or defense in this case, as sought in items 1 and 2. Even more tangential is competitors' email communications with their own customers, as sought in item 4. As such, the items in dispute (1, 3 and 4) are not within the bounds of permissible discovery under Rule 26. Further, considering the, at most, marginal potential relevance of competitors' information and Claimant's obligation to avoid imposing unnecessary burden and expense on non-parties, the motion to quash must be granted.

## III.   CONCLUSION

Claimant has not established how the policies or procedures of a non-party/competitor of Magnolia Fleet, with no involvement whatsoever in the incident at issue, could have any possible relevance to any claim or defense. To the extent Claimant seeks such information in an effort to establish industry practice, merely introducing examples of what some other competitors do falls short of establishing industry custom or practice. Further, in light of the limited, if any, relevance of the information sought to any claim or defense and considering the proportionality standard with particular consideration of movant's status as a non-party, the subpoena duces tecum must be quashed. Accordingly,

IT IS ORDERED that the Motion to Quash (ECF No. 221) is GRANTED.

---

[9] *See, e.g., Jussila v. M/T LOUISIANA BRIMSTONE*, 691 F.2d 217 (5th Cir. 1982) (discussing marine experts' disputed testimony regarding industry customs regarding safety paint).

New Orleans, Louisiana, this \_\_22nd\_\_ day of March, 2023.

                                                DONNA PHILLIPS CURRAULT
                                          UNITED STATES MAGISTRATE JUDGE