UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION |
| OF MAGNOLIA FLEET, LLC AND | | |
| RIVER TUG LLC AS OWNER AND | * | NO. 22-504 |
| OPERATOR OF THE M/V LOUISIANA | | |
| FOR EXONERATION FROM AND/OR | * | SECTION "L" (2) |
| LIMITATION OF LIABILITY | | |

**ORDER AND REASONS**

Before me is Claimant Entergy Louisiana, LLC's Motion for Leave to File Supplemental and Amended Answer and Claim Against Limitation Petitioners Magnolia Fleet, LLC and River Tug LLC and Crossclaim against Vopak Industrial Infrastructure Americas St. Charles, LLC, American River Transportation Company, LLC, Turn Services, LLC, Florida Marine, L.L.C., Canal Barge Company, Inc., Enterprise Marine Services LLC, Kirby Inland Marine, LP, LeBeouf Bros. Towing, L.L.C., Maintenance Dredging, Inc., Maintenance Dredging I, LLC, and NGL Marine, LLC (collectively, "Cross-Claim Defendants"). ECF No. 267. Kirby Inland, Maintenance Dredging, Turn, Magnolia Fleet and River Tug and Vopak timely filed Opposition Memoranda. ECF Nos. 275-279. Entergy Louisiana, LLC sought leave and filed Reply Memoranda. ECF Nos. 291, 293, 295, 297. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Entergy Louisiana, LLC's Motion (ECF No. 267) is GRANTED for the reasons stated herein.

**I.     BACKGROUND**

Limitation Petitioners Magnolia Fleet, LLC and River Tug LLC ("Petitioners"), as operators and owners of the M/V LOUISIANA, filed a complaint for exoneration from or limitation of liability under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules of Admiralty and Maritime Claims on February 25, 2022 after certain barges

1

from Magnolia Fleet's Mile 122 barge fleet became uncoupled from the fleet and its pilings during Hurricane Ida.  ECF No. 1 ¶¶ 8-9.  Entergy Louisiana, LLC ("Entergy"), along with several other parties, filed Answers and Claims arguing, *inter alia*, that Petitioners are not entitled to exoneration from or limitation of liability.  ECF No. 7 at 2, Fourth Defense.

On August 10, 2022, the Court issued a Scheduling Order setting a June 26, 2023 trial date and a deadline of September 26, 2022 for amendment of pleadings.  ECF No. 77 at 1, 4.  Although the Court has since issued an Amended Scheduling Order continuing the trial to Monday, October 2, 2023, that order did not revive any expired deadlines, including the deadline for amending pleadings.  ECF No. 255.

On October 31, 2022, Limitation Petitioners filed a Rule 14(c) Tender and Third-Party Demand against Vopak, which is alleged to own the KIRBY 17225, a barge that allided with and caused damage to Entergy's facility.  ECF No. 158.  Vopak answered Petitioner's Rule 14(c) Tender and Third-Party Demand, admitting that, on August 29, 2021, Vopak owned the KIRBY 17225, but that the breakaways involving vessels owned, operated, or otherwise in the custody, care and control of Petitioners and others resulted in the allision at Entergy's waterfront facility.  ECF No. 205.

On April 17, 2023, Entergy filed a Motion for Leave to File a Supplemental and Amended Answer and Crossclaims.  ECF No. 237.  The Court denied same without prejudice due to Entergy's failure to address Rule 16's good cause standard for seeking leave after expiration of the Scheduling Order's deadlines.  ECF No. 266.  Entergy re-filed its motion, this time arguing that it has good cause to amend under Rule 16.  ECF Nos. 267, 267-1 at 5-8.  Specifically, it argues that it did not receive confirmation that the Kirby barge was under the care, custody or control of Vopak until after expiration of the deadline for amending pleadings, at which time it also first learned of the series of events that led to the breakaway.  *Id.* at 5-6.  Further, discovery is ongoing, with 18

parties recently filing a joint motion to continue the trial date in order to conduct critical discovery. *Id.* at 6-7. Entergy argues that amendment is necessary to protect its rights and does not prejudice the other parties, the amendment does not raise novel theories because Vopak has alleged the same theories of liability, and does not change the nature of the litigation or trial strategy of any party. *Id.* at 7-8. Citing Rule 15's liberal standard for granting leave to amend, Entergy then argues that amendment will not prejudice Petitioners or Crossclaim Defendants, amendment is necessary to clarify Entergy's position and ensure the protection of its procedural rights in this matter, and there is not substantial reason to deny amendment. *Id.* at 8-10.

Kirby Inland opposes the motion and argues Entergy has failed to satisfy Rule 16 because Entergy fails to explain what efforts it took to exercise diligence, Kirby informed Entergy over a year ago that it had sold the subject barge to Dow Chemical which then sold it to Vopak, and Magnolia Fleet moved to extend the amendment deadline to have more time to confirm ownership of the barge. ECF No. 275 at 2-4 (citing March 10, 2022 email identified as Exhibit A but not attached to Opposition Memorandum). Kirby disputes Entergy's assertion that it first learned who owned the barge and of the breakaway theory in January 2023, arguing that this theory was plead by other parties since May 2022. *Id.* at 4-5. Kirby argues that the amendment is not important, it is prejudiced by being kept in this proceeding, and the availability of a continuance is a neutral factor. *Id.* at 6. Kirby next argues that Entergy fails to satisfy Rule 15 because granting leave will unduly delay all parties from focusing on ongoing discovery and has the potential to open a floodgate of pleadings where all parties will amend to assert this "chain reaction" theory. *Id.* at 7.

Maintenance Dredging opposes the motion arguing that Entergy's claims against it would be futile and Entergy's stated claim is, at best, mere speculation. ECF No. 276. It also adopts the arguments raised in its earlier opposition and those of Kirby in its recent Opposition. *Id.* at 4.

Limitation Petitioners Magnolia Fleet and River Tug argue that Entergy has failed to establish diligence because it has not actively participated in the litigation for almost a year, and allowing one claimant to amend over 8 months after the filing deadline would open the floodgates to additional claimants seeking to amend their pleadings, creating an undue burden and hindering disposition of the case. ECF No. 278. Limitation Petitioners argue that three claimants espoused the "chain reaction" or "domino" theory of liability before expiration of the deadline and thus it is not a new development, as suggested by Entergy. *Id*. at 2-3. Petitioners argue that Entergy cannot satisfy Rule 16, is not only seeking to clarify its claims but to adopt the "chain reaction" theory asserted by other claimants, its justification for delay (only learning about the barge's ownership in January 2023) is false given the filings by other parties in this proceeding, and has failed to engage in discovery until very recently. *Id.* at 5-7. Petitioners argue the amendment is unnecessary and they will be prejudiced by same. *Id.* at 7-9.

Vopak does not oppose the motion, but objects to the factual allegations set forth by Entergy. ECF No. 279. Turn opposes the motion and adopts the arguments of Kirby and Maintenance Dredging. ECF No. 277.

In Reply to the Opposition Memoranda, Entergy argues that, while other claimants may have had sufficient factual information to assert the chain reaction theory, it did not have the facts necessary to support that assertion until more recently. ECF No. 291 at 2. It also objects to the assertion that it did not engage in discovery, noting that written discovery did not begin until after the amendment deadline, the first deposition did not occur until four months after the amendment deadline, and Entergy has received and reviewed voluminous discovery exchanged by other parties without the need to unnecessary duplicate efforts. *Id.* at 2-4. Entergy notes that Petitioners do not dispute its assertion that amendment will not broaden discovery, require addition of new parties, or require any party to alter litigation strategy, the need to file a responsive pleading is not

4

prejudice, and these same parties have already confirmed that discovery is still in its initial stages. *Id.* at 5-6. *See also* ECF Nos. 293 (adopting the same arguments), 297 (same). With regard to the futility argument, Entergy argues that its amended Crossclaim sets out more than sufficient factual allegations to provide notice of the circumstances giving rise to its claim against Maintenance Dredging, specifically that Maintenance Dredging owned or operated the barge that broke free during Ida due to its fault or negligence, which then caused or contributed to the Kirby barge breaking free and alliding with Entergy's facility. ECF No. 295 at 2-3. Entergy argues these factual allegations are neither mere legal conclusions nor do they fail to provide sufficient notice of its claims. *Id.*

## II. APPLICABLE LAW AND ANALYSIS

### A. Rule 16

Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b). This generally requires the movant to "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[1] The four factors relevant to determining the existence of good cause in the context of post-deadline amendment are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[2]

When analyzing the prejudicial nature of a proposed amendment, the court must consider "whether the proposed amendment (1) was merely proposing alternative legal theories for recovery on the same underlying facts or (2) would fundamentally alter the nature of the case."[3] Late stage

---

[1] *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (citation omitted).
[2] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).
[3] *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (citation omitted).

amendments that essentially "plead[] a fundamentally different case with new causes of action and different parties . . . effectively reconstructing the case anew" are unduly prejudicial and should not be permitted.[4]  In contrast, "amendments that merely propose alternative legal theories for recovery on the same underlying facts should be permitted 'as they advance Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities.'"[5]

Only after the "good cause" requirements under Rule 16(b) are satisfied is the analysis under Rule 15(a)(2) triggered.[6]

### B. Admiralty Rule F(4)

The Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims apply to actions for exoneration from or limitation of liability.[7]  The Supplemental Rules "are not to be construed as limiting or impairing the traditional power of a district court, exercising the admiralty and maritime jurisdiction, to adapt its procedures and its remedies in the individual case, consistently with these rules, to secure the just, speedy, and inexpensive determination of every action."[8]  Thus, Supplemental Rule F merely supplements the Federal Rules of Civil Procedure, and the Federal Rules remain applicable to admiralty claims to the extent that they do not conflict with the Supplemental Rules.[9]  Courts have applied Rule 15 to maritime cases governed by Supplemental Rule F.[10]  Further, Admiralty Rule F(4) expressly permits the court to

---

[4] *Mayeaux*, 376 F.3d at 427 (finding proposed amendment destroying the court's jurisdiction years into the litigation fundamentally altered the case).
[5] *Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs., LLC*, No. 12-1979, 2015 WL 4254130, at *5 (Roby, M.J.) (E.D. La. July 13, 2015) (quoting *Mayeaux*, 376 F.3d at 427).
[6] *See S&W Enters.*, 315 F.3d at 535–36.
[7] FED. R. CIV. P. SUPP. RULE A(1)(A)(iv).  The Federal Rules of Civil Procedure also apply, except to the extent they are inconsistent with the Supplemental Rules.  FED. R. CIV. P. SUPP. RULE A(2).
[8] Fed. R. Civ. P. A (notes of Advisory Committee); *see also Swift & Co. Packers v. Compania Columbiana del Caribe, S/A*, 339 U.S. 684 (1950) (Rule 1).
[9] *Perez & Compania S.A. v. M/V Mexico I*, No. 84-2198, 1985 WL 6069, at *1 (S.D. Tex. Oct. 30, 1985) (applying FED. R. CIV. P. 15 regarding amendment to *in rem* claim governed by the Supplemental Rules).
[10] *See, e.g., Blue Marine Shipping SA de CV v. Gulmar Offshore Middle E. LLC*, No. 09-555, 2010 WL 1687737, at *5 (N.D. Fla. Apr. 26, 2010) (applying FED. RS. CIV. P. 15 and 17 to maritime claim governed by Supplemental Rules to allow party to substitute as plaintiff in proceeding).

extend the period for filing untimely claims upon a showing of cause.[11]

Absent conflict, courts apply the Federal Rules of Civil Procedure to cases governed by the Supplemental Rules.

### C. Rule 15

The Rule 15(a) inquiry requires the court to balance the difficult task of assuring a party a fair opportunity to present his claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim.[12] Although leave to amend is not automatic,[13] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[14]

The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[15] Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b) motion.[16] The court must accept all well-pleaded facts as true and consider the complaint in the light most

---

[11] The Fifth Circuit has articulated a three-step process to determine good cause: (1) whether the proceeding is pending and undetermined; (2) whether granting the motion will adversely affect the rights of the parties; and (3) the claimant's reasons for filing late. *Golnoy Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993). The matter is within this Court's discretion and is to be based on an "equitable showing*." See Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 363 (5th Cir. 1963).
[12] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citation omitted).
[13] *Avatar Expl., Inc. v. Chevron USA, Inc.,* 933 F.2d 314, 320 (5th Cir. 1991) (citation omitted).
[14] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).
[15] *Gregory*, 634 F.2d at 203 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (citation omitted); *see also Strickland v. Bank of New York Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.") (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).
[16] *Marucci Sports,*  751 F.3d at 378 (citing *Stripling*, 234 F.3d at 873).

favorable to the plaintiff, but the Court should not accept as true "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'"[17]

### 1. Undue Delay

Rule 15(a)(2) does not itself impose a time limit on seeking leave to amend.[18] However, a litigant's failure to assert a claim as soon as he could have done so is properly a factor to be considered in deciding whether to grant leave to amend.[19] At some point, plaintiff's delay can be procedurally fatal.[20] In that situation plaintiff must meet the burden of showing that the delay "was due to oversight, inadvertence, or excusable neglect."[21]

Delay alone, however, is an insufficient basis for denial of leave to amend: "The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."[22] Courts have found "undue delay" when a plaintiff knew the facts "all along" but waited over a year after the first amended complaint to seek leave to amend raising those facts.[23] Merely because a claim was not presented as promptly as possible, however, "does not vest the district court with authority to punish the litigant."[24]

### 2. Bad Faith

The Fifth Circuit has defined bad faith generally as

---

[17] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (same); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (1955) (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).
[18] *See Smith*, 393 F.3d at 595 (stating that Rule 15(a) does not impose a time limit "'for permissive amendment'") (citation omitted); *see also Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citation omitted) ("Lacking a time limit or an outer bound on when amendment is permissible, [Rule 15(a)(2)] instructs courts to freely give leave to amend when justice so requires.").
[19] *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and no evidence of bad faith).
[20] *Smith*, 393 F.3d at 595 (citing *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992) (internal citation omitted)).
[21] *Id.* (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (citation omitted).
[22] *Mayeaux,* 376 F.3d at 427 (citations omitted).
[23] *See, e.g., C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314-15 (5th Cir. 2016) (affirming district court's decision).
[24] *Carson*, 689 F.2d at 584.

8

implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. The term bad faith means more than mere bad judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives.[25]

The Court has no evidence that Entergy's request for leave to amend is in bad faith, involves fraud, or is designed to mislead or deceive, and none of the opposition memoranda argues otherwise.

### 3. Repeated Failures to Cure

The Fifth Circuit has affirmed denial of leave to amend where a party has been given multiple opportunities to cure a defect.[26] Entergy has not been directed to respond to a pleading deficiency and failed to do so.

### 4. Undue Prejudice

The Fifth Circuit and other courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[27] A party is prejudiced if an amendment would require it to "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before

---

[25] *Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc.*, 293 F.3d 912, 922 (5th Cir. 2002) (interpreting Louisiana law).
[26] *See, e.g.*, *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint); *see also Neutron Depot, L.L.C. v. Bankrate, Inc.*, 798 F. App'x 803, 808 (5th Cir. 2020) (finding district court's denial of leave to amend proper where litigation was pending for five years, plaintiff's deficiency was first identified over three years ago, and the court allowed three prior amended complaints); *St. Germain v. Howard*, 556 F.3d 261, 264 (5th Cir. 2009) (affirming denial of a motion for leave to amend where "[a]ppellants had several opportunities to state their best case") (citation omitted); *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (concluding that justice did not require allowing plaintiff an additional opportunity to amend); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566–67 (5th Cir. 2002) (affirming refusal to permit further amendment after plaintiff had amended twice).
[27] *See Smith*, 393 F.3d at 594–96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided.") (citation omitted); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, LLC v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).

the court."[28] Likewise, amendments that fundamentally alter the nature of the case or would force a party to re-urge the same arguments presented in previous dispositive motions[29] are considered prejudicial.[30] While additional fees and costs incurred to respond to may cause some prejudice, it does not constitute "undue prejudice" necessary to justify denial of a motion to amend.[31]

5. **Futility**

Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b)(6) motion (i.e., whether it states a plausible claim for relief).[32] The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[33] It is not enough to allege facts consistent with a claim because the allegations must move

---

[28] *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). *Cf. Mayeaux*, 376 F.3d at 427 (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant;" and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery); *see also C3PO Int'l, Ltd.,* 663 F. App'x at 314-15 (denying leave to amend based on, among other things, prejudice because of pressing discovery and trial deadlines).
[29] *U.S. ex rel. Bias v. Tangipahoa Parish School Board*, 816 F.3d 315, 328 (5th Cir. 2016).
[30] *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 & n.12 (5th Cir. 2012) (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux,* 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[ed] the case anew.").
[31] *See, e.g., Babin v. Caddo E. Ests. I, Ltd*., No. 10-896, 2012 WL 3310017, at *1 (E.D. La. Aug. 13, 2012) (granting motion to amend despite argued prejudice of additional costs because that is not sufficient to establish undue prejudice); *Richards' Realty Co., L.L.C. v. Paramount Disaster Recovery, Inc.,* No. 06-2396, 2008 WL 440325, at *3 (E.D. La. Feb. 8, 2008) (stating that continued expenditure of substantial litigation resources does not establish undue prejudice); *see also Adams v. Medtronic, Inc.*, No. 19-870, 2022 WL 3268506, at *3 (E.D. Tex. Aug. 10, 2022) (preparing additional discovery and re-deposing an unidentified number of witnesses is not "considerable delay and expense" as necessary to establish undue prejudice); *EnergyBill.com, L.L.C. v. Arcadis U.S., Inc.,* No. 21-00426, 2021 WL 9352581, at *3 (W.D. Tex. Dec. 9, 2021) (stating that cursory references to the increase in cost, complication and potential juror confusion are insufficient to demonstrate the kind of undue prejudice warranting denial of leave to amend at the early stage in proceedings) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981)).
[32] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (citing *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)).
[33] *Twombly*, 550 U.S. at 555.

past possibility and to plausibility of "entitlement to relief."[34] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[35]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."[36]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[37]

### D. Analysis

Unlike its prior motion, Entergy specifically addresses the requirements of Rule 16 in this motion. The court accepts Entergy's explanation for its failure to seek leave to amend earlier and finds it has established good cause. While the opposition attacks the veracity of Entergy's assertion that it lacked a sufficient factual basis to assert the "chain reaction" theory before January 2023, Entergy cannot be faulted for ensuring it had a good faith basis in law or fact before making certain assertions rather than simply relying on assertions of another party. Further, the amendment is

---

[34] *Id.* at 557–58; *Iqbal,* 556 U.S. at 678.
[35] *Iqbal,* 556 U.S. at 678 (citation omitted).
[36] *Id.,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citation omitted); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).
[37] *Ferrer,* 484 F.3d at 780 (citation omitted); *Gentilello*, 627 F.3d at 544; *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted). When considering a Rule 12(b)(6) motion, the court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). Thus, it may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice. *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (same).

important to Entergy as it provides an alternative theory to support its claim for damages to its facility.

While the opponents argue that Entergy did not move promptly enough in seeking to amend, none of the opposition memoranda reflect the type of prejudicial undue delay that suffices to deny leave to amend; the amendment does not raise new issues as the same issues are already raised by other claimants, and the proposed amendment merely proposes alternative legal theories for recovery on the same underlying facts rather than fundamentally alter the nature of the case. For these same reasons, the court finds there is no undue delay, bad faith, repeated failures to cure or undue prejudice under Rule 15. Indeed, the amendment will not entail any new parties being added, new claims raised or new discovery, and no continuance will be necessary.

Further, Entergy's proposed amendment is not futile for failure to include sufficient factual details to state a claim. Entergy's proposed pleading states, in part:

> ENTERGY LOUISIANA, LLC'S CLAIM AGAINST LIMITATION PETITIONERS
> . . .
> 25.
> The barges, vessels and other equipment located at Limitation Petitioners' fleeting facility came free due to the negligence, fault and/or breaches of duties of Limitation Petitioners, including but not limited to the failure to exercise due care in safeguarding and securing the barges, vessels and other equipment in their care, custody and control to prevent their breaking free and floating unattended on the Mississippi River, and other acts of negligence to be proven at trial.
> 26.
> The vessels and their appurtenances, and crew, that were utilized to tend the fleet of vessels, barges and/or equipment at Limitation Petitioners' fleeting facility, including but not limited to the M/V LOUISIANA, were unseaworthy, not fit for their intended use, and the crews of any of the aforementioned vessels were insufficient and inadequately trained.
>
> . . .
> CROSS CLAIM
> . . .
> 23.
> The barges, vessels and other equipment located at Fleet Operators' fleeting facilities came free due to the negligence, fault and/or breaches of duties of Fleet Operators, including but not limited to the failure to exercise due care in safeguarding and securing the barges, vessels and other equipment in their care,

12

custody and control to prevent their breaking free and floating unattended on the Mississippi River in violation of their legal obligations and duties, and other acts of negligence to be proven at trial.

24.

Fleet Operators were negligent as to the cause of the vessels and/or barges and/or equipment within their fleet coming free and traveling unattended on the Mississippi River, both in their capacity as vessel owner, vessel owner pro hac vice, and vessel operator, as well as in their capacity as fleeters and bailees of non-owned vessels, barges and/or equipment.

25.

The vessels and their appurtenances, and crew, that were utilized to tend the fleet of vessels, barges and/or equipment at Fleet Operators' fleeting facilities, were unseaworthy, not fit for their intended use, and the crews of any of the aforementioned vessels were insufficient and inadequately trained.

These allegations are more than mere labels and conclusions. Entergy's proposed amendment is not futile.

### III. CONCLUSION

Entergy has sufficiently established good cause to amend after the deadline based on the discovery responses received in January 2023. Further, the amendment is not precluded by undue delay, bad faith, repeated failures to cure, undue prejudice or futility. For these reasons, this Court does not have "substantial reason" to deny the proposed amendment. Accordingly,

IT IS ORDERED that Entergy's Motion for Leave to File Supplemental and Amended Answer and Crossclaims (ECF No. 267) is GRANTED.

New Orleans, Louisiana, this __7th__ day of June, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE