UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION |
| OF MAGNOLIA FLEET, LLC AND | | |
| RIVER TUG LLC AS OWNER AND | * | NO. 22-504 |
| OPERATOR OF THE M/V LOUISIANA | | |
| FOR EXONERATION FROM AND/OR | * | SECTION "L" (2) |
| LIMITATION OF LIABILITY | | |

**ORDER AND REASONS**

Before me is Claimant Enterprise Marine Services LLC's Motion for Leave to File First Amended Answer, Affirmative Defenses, and Claim against Limitation Petitioners Magnolia Fleet, LLC and River Tug LLC. ECF No. 347. No party filed an Opposition Memorandum, nor did any party request oral argument in accordance with Local Rule 78.1.

Having considered the record, the submission, and the applicable law, Enterprise Marine Services LLC's Motion (ECF No. 347) is GRANTED for the reasons stated herein.

I. **BACKGROUND**

Limitation Petitioners Magnolia Fleet, LLC and River Tug LLC ("Petitioners"), as operators and owners of the M/V LOUISIANA, filed a complaint for exoneration from or limitation of liability under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules of Admiralty and Maritime Claims on February 25, 2022, after certain barges from Magnolia Fleet's Mile 122 barge fleet became uncoupled from the fleet and its pilings during Hurricane Ida. ECF No. 1 ¶¶ 8-9. Enterprise Marine Services LLC, along with several other parties, filed Answers and Claims. ECF No. 10.

Since issuance of the Scheduling Order on August 10, 2022, and expiration of the September 26, 2022 deadline for amending pleadings (ECF No. 77), several parties have filed cross-claims against Enterprise. *See, e.g.*, ECF Nos. 205, 300, 321, 329. Citing Rule 15(a) of the Federal Rules of Civil Procedure, Enterprise seeks leave to amend its earlier claims to assert a claim for contribution in connection with the cross-claims filed against it. ECF No. 347-1 at 2. It

1

argues that the cross-claims were not asserted until recently and it has not been dilatory in seeking amendment.  *Id.* at 3.

## II.     APPLICABLE LAW AND ANALYSIS

Initially, while Rule 15(a) applies when a party seeks leave to amend before expiration of the deadline for amendments, when leave is sought *after* the scheduling order deadline for amendments has expired, the analysis is governed by Rule 16.[1]  In this case, the August 10, 2022 Scheduling Order established a deadline of September 26, 2022 within which to amend pleadings.  ECF No. 77, at 1.  Although the Court issued an Amended Scheduling Order continuing the trial of this matter to Monday, October 2, 2023, that order did not revive any expired deadlines, including that for the filing of amendments.  ECF No. 255.  Accordingly, Enterprise's Motion for Leave must be evaluated under Rule 16 before application of the Rule 15 standard.

### A.  Rule 16 Standard

Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  FED. R. CIV. P. 16(b).  This generally requires the movant to "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[2]  The four factors relevant to determining the existence of good cause in the context of post-deadline amendment are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[3]

---

[1] *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003) (holding that Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and only upon a showing of good cause and with the judge's consent will the more liberal standard of Rule 15(a) apply to the court's decision to grant or deny leave).
[2] *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (citation omitted).
[3] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

When analyzing the prejudicial nature of a proposed amendment, the court must consider "whether the proposed amendment (1) was merely proposing alternative legal theories for recovery on the same underlying facts or (2) would fundamentally alter the nature of the case."[4]  Late-stage amendments that essentially "plead[] a fundamentally different case with new causes of action and different parties . . . effectively reconstructing the case anew" are unduly prejudicial and should not be permitted.[5]  In contrast, "amendments that merely propose alternative legal theories for recovery on the same underlying facts should be permitted 'as they advance Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities.'"[6]

Only after the "good cause" requirements under Rule 16(b) are satisfied is the analysis under Rule 15(a)(2) triggered.[7]

### B. Admiralty Rule F(4)

The Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims apply to actions for exoneration from or limitation of liability.[8]  The Supplemental Rules "are not to be construed as limiting or impairing the traditional power of a district court, exercising the admiralty and maritime jurisdiction, to adapt its procedures and its remedies in the individual case, consistently with these rules, to secure the just, speedy, and inexpensive determination of every action."[9]  Thus, Supplemental Rule F merely supplements the Federal Rules of Civil Procedure, and the Federal Rules remain applicable to admiralty claims to the extent that they do

---

[4] *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (citation omitted).
[5] *Mayeaux*, 376 F.3d at 427 (finding proposed amendment destroying the court's jurisdiction years into the litigation fundamentally altered the case).
[6] *Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs., LLC*, No. 12-1979, 2015 WL 4254130, at *5 (Roby, M.J.) (E.D. La. July 13, 2015) (quoting *Mayeaux*, 376 F.3d at 427).
[7] *See S&W Enters.*, 315 F.3d at 535–36.
[8] FED. R. CIV. P. SUPP. RULE A(1)(A)(iv).  The Federal Rules of Civil Procedure also apply, except to the extent they are inconsistent with the Supplemental Rules.  FED. R. CIV. P. SUPP. RULE A(2).
[9] FED. R. CIV. P. A (notes of Advisory Committee); *see also Swift & Co. Packers v. Compania Columbiana del Caribe, S/A*, 339 U.S. 684 (1950) (Rule 1).

not conflict with the Supplemental Rules.[10] Courts have applied Rule 15 to maritime cases governed by Supplemental Rule F.[11] Further, Admiralty Rule F(4) expressly permits the court to extend the period for filing untimely claims upon a showing of cause.[12]

Absent conflict, courts apply the Federal Rules of Civil Procedure to cases governed by the Supplemental Rules.

### C. Rule 15

The Rule 15(a) inquiry requires the court to balance the difficult task of assuring a party a fair opportunity to present his claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim.[13] Although leave to amend is not automatic,[14] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[15]

The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[16] Consideration of the futility factor requires

---

[10] *Perez & Compania S.A. v. M/V Mexico I*, No. 84-2198, 1985 WL 6069, at *1 (S.D. Tex. Oct. 30, 1985) (applying FED. R. CIV. P. 15 regarding amendment to *in rem* claim governed by the Supplemental Rules).

[11] *See, e.g., Blue Marine Shipping SA de CV v. Gulmar Offshore Middle E. LLC*, No. 09-555, 2010 WL 1687737, at *5 (N.D. Fla. Apr. 26, 2010) (applying FED. Rs. CIV. P. 15 and 17 to maritime claim governed by Supplemental Rules to allow party to substitute as plaintiff in proceeding).

[12] The Fifth Circuit has articulated a three-step process to determine good cause: (1) whether the proceeding is pending and undetermined; (2) whether granting the motion will adversely affect the rights of the parties; and (3) the claimant's reasons for filing late. *Golnoy Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993). The matter is within this Court's discretion and is to be based on an "equitable showing*.*" *See Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 363 (5th Cir. 1963).

[13] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citation omitted).

[14] *Avatar Expl., Inc. v. Chevron USA, Inc.*, 933 F.2d 314, 320 (5th Cir. 1991) (citation omitted).

[15] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).

[16] *Gregory*, 634 F.2d at 203 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (citation omitted); *Strickland v. Bank of New York Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.") (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

the court to assess whether the amended complaint would survive a Rule 12(b) motion.[17] The court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, but the Court should not accept as true "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'"[18]

Although Enterprise does not specifically address Rule 16, the fact that the cross-claims triggering this request were only recently filed supports the finding of good cause. Further, there has been no showing of undue delay, bad faith, repeated failures to cure, or undue prejudice.

### III. CONCLUSION

Enterprise has sufficiently established good cause to amend after the deadline based on the recently filed cross-claims. Further, the amendment is not precluded by undue delay, bad faith, repeated failures to cure, undue prejudice, or futility. Thus, the Court does not have "substantial reason" to deny the proposed amendment. Accordingly,

IT IS ORDERED that Enterprise's Motion for Leave to File Supplemental and Amended Answer and Crossclaims (ECF No. 347) is GRANTED.

New Orleans, Louisiana, this ___16th___ day of August, 2023.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[17] *Marucci Sports,* 751 F.3d at 378 (citing *Stripling*, 234 F.3d at 873).
[18] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (same); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (1955) (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).