UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
LOUISIANA

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF MAGNOLIA FLEET, LLC AND RIVER TUG LLC AS OWNER AND OPERATOR OF THE M/V LOUISIANA FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY OPERATOR OF THE M/V LOUISIANA** | **CIVIL ACTION NO: 2:22-cv-00504**<br><br>**DISTRICT JUDGE:**<br>**HON. ELDON E. FALLON**<br><br>**MAGISTRATE JUDGE:**<br>**HON. DONNA PHILLIPS CURRAULT**<br><br>**Admiralty – Rule 9(h)** |

## ORDER AND REASONS

The Court has before it eight motions for summary judgment that urge this Court to dismiss claims and/or tenders filed against each movant by Entergy Louisiana, LLC ("Entergy"), LeBeouf Brothers Towing ("LBT"), and/or Vopak Industrial Infrastructure Americas St. Charles, LLC ("Vopak"), with several movants also seeking dismissal of claims by additional parties. *See* R. Docs. 390, 392, 394, 396, 399, 401, 403, and 407.

The Court also has before it eight filings by Vopak, each in response to one of these motions for summary judgment. These eight Vopak filings are R. Docs. 433, 434, 435, 436, 438, 439, 440, and 441. The summary judgment motions these filings respond to seek dismissal of the claims and/or Rule 14(c) tenders made by Vopak in R. Doc. 205 against these various parties. In each of these eight filings, Vopak has responded not in opposition but rather by urging the Court to dismiss the claims it asserted against each party in R. Doc. 205. Other parties have responded in opposition to these motions.[1] After reviewing the record and briefing, the Court rules as follows.

---

1. Petitioners filed an opposition response to LBT's motion for summary judgment. R. Doc. 427 (opposing R. Doc. 390). LBT filed an opposition response to ARTCO's motion for summary judgment. R. Doc. 417 (opposing R. Doc. 403). LBT also filed a response not in opposition but seeking parity in result and/or this Court's treatment of various

1

I. **BACKGROUND**

    a. **Overview**

This suit arises out of alleged property damage caused by vessels located in a fleeting facility which became unmoored during Hurricane Ida on or around August 29, 2021. R. Doc. 1 at 3. Petitioners are the fleeting facility located at or around the Mile 122 marker on the Lower Mississippi River (the "Mile 122 Fleet") and are the owner and operator of the M/V LOUISIANA, the fleet boat for the Mile 122 Fleet. *Id.* at 2-3. Petitioners filed for Exoneration From or Limitation of Liability on February 25, 2022, alleging that neither they nor the M/V LOUISIANA are liable for any damages or injuries resulting from the uncouplings that occurred at their in the aftermath of Hurricane Ida. *Id.* at 3-4. Alternatively, Petitioners argue that in the event they are found to be liable for any of the claims asserted against them, they are entitled to limit their liability pursuant to 46 U.S.C. §§ 30501-30512, the Limitation of Liability Act, and/or that Hurricane Ida constituted an Act of God. *Id.* at 4-5.

Numerous claimants have answered Petitioners and have since either crossclaimed, counterclaimed, and/or tendered one another in various claims amongst themselves. These claimants are Maintenance Dredging Refining New Orleans, LLC (hereinafter, along with its related company Maintenance Dredging I, LLC, "MDI"), Valero Refining New Orleans, LLC ("VRNO"), Entergy Louisiana, LLC ("Entergy"), Canal Barge Company, Inc. ("CBC"), Florida Marine, LLC ("Florida Marine"), Enterprise Marine Services, LLC ("Enterprise"), and Kirby Inland Marine, LLC ("Kirby"), Captain Rocky Hickman, LeBeouf Brothers Towing ("LBT"),

---

arguments raised in Enterprise's motion, Kirby's motion, MDI's motion, CBC's motion, and NGL's motion. *See* LBT's Filings, R. Docs. 421, 425, 432. Entergy filed an opposition response to Kirby's motion for summary judgment. R. Doc. 415 (opposing R. Doc. 394). MDI filed an opposition response to ARTCO's motion. R. Doc. 426 (opposing R. Doc. 403).

Turn Services, LLC ("Turn Services"), St. Charles Parish,[2] and American River Transportation Company, LLC ("ARTCO"). For ease and consistency, the Court will refer to all parties in this litigation that are not the Petitioners collectively as "Claimants."

Entergy's claim in this action stems from damage to its Waterford Facility, which is located around Mile 130 of the Mississippi River. R. Doc. 7; R. Doc. 415 at 2. This facility was allegedly damaged by unmoored and drifting vessels, which Entergy presumed to come from the Mile 122 breakaway. R. Doc. 7 at 3. Petitioners sought and obtained leave to file a 14(c) tender and third-party demand against Vopak, tendering Vopak to Entergy. R. Doc. 158. Vopak is the owner of a barge, the KIRBY 17725, which they allegedly used as a deflector barge to protect their facilities and docks at or around Mile 128.5 Mississippi River. R. Doc. 134; R. Doc. 394-1 at 3-4; R. Doc. 415 at 2. In tendering Vopak to Entergy, Petitioners argue that the furthest any Mile 122 Fleet vessel drifted was to approximately Mile 125/the Shell Norco location, and therefore the damage to Entergy's facilities was caused by Vopak's deflector barge instead. R. Doc. 401-1 at 1-2.

### b. Vopak

On January 31, 2023, Vopak filed its answer to Petitioners' third-party demand and 14(c) tender. R. Doc. 205. In this filing, Vopak asserted a counterclaim against Petitioners and asserted crossclaims and/or 14(c) tenders against the following entities: ARTCO, CBC, Enterprise, Florida Marine, Kirby, LBT, MDI, NGL, and Turn Services. *Id.*

## II.   DISCUSSION

As of September 18, 2023, there are fifteen (15) motions for summary judgment, or partial summary judgment, pending before this Court. Some address singular issues and some make multiple arguments.

---

2. This matter was consolidated with a related case, *Parish of St. Charles v. American River Transportation Company, LLC*, Civil Action No. 2:22-cv-2220. R. Doc. 173.

As it pertains to Vopak, eight motions urge this Court to, among other things, grant the movant summary judgment on Vopak's crossclaims asserted in R. Doc. 205. *See* R. Docs. 390, 392, 394, 396, 399, 401, 403, and 407. These motions are brought by LBT, Enterprise, Kirby, MDI, CBC, Petitioners, ARTCO, and NGL. The movants argue that their vessels were under the care, custody, and control of Petitioners and therefore they breached no duty to Vopak as a matter of law, *see, e.g.*, Enterprise's Motion for Summary Judgment, R. Doc. 392 (arguing this); CBC's Motion for Summary Judgment, R. Doc. 399 (arguing same), and/or that Vopak's facilities are too far upstream from the Mile 122 Fleet to have been damaged by the breakaways underlying this litigation, *see, e.g.*, Petitioners' Memorandum in Support of their Motion for Summary Judgment, R. Doc. 401-1 at 6 ("In fact, Vopak and Entergy are likely proceeding in the wrong case. Notably, as can be seen above, the Upper St. Rose Fleet operated by Cooper Consolidated is immediately downriver of the Vopak facility . . . . There is no evidence that any barge or vessel from any of ARTCO's fleets, Bayou Fleet, or Magnolia Fleet's Mile 122 Fleet played any role in the breakout at Upper St. Rose, let alone reached Mile 127.").

Vopak filed a response to each of these eight motions in which it asserts no opposition and states that its crossclaim and tender against/of each party should be dismissed. R. Docs. 433, 434, 435, 436, 438, 439, 440, and 441.

Accordingly, the Court **DISMISSES** the claims and/or tenders made by Vopak in R. Doc. 205 against the following parties: LBT, Enterprise, Kirby, MDI, CBC, Petitioners, ARTCO, and NGL. The crossclaims and/or 14(c) tenders Vopak asserted in R. Doc. 205 against Florida Marine and Turn Services are unaffected by this order.

The Court further **GRANTS IN PART** the following motions for summary judgment to the limited extent that they pertain to Vopak, and **DENIES IN PART** these motions as

4

inappropriate for summary judgment given the extensive factual questions underlying liability in this litigation.

- R. Doc. 390 by LBT
- R. Doc. 392 by Enterprise
- R. Doc. 394 by Kirby
- R. Doc. 396 by MDI
- R. Doc. 399 by CBC
- R. Doc. 401 by Petitioners
- R. Doc. 403 by ARTCO
- R. Doc. 407 by NGL

New Orleans, Louisiana, this 18th day of September, 2023.

_____
**UNITED STATES DISTRICT JUDGE**