UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MAGNOLIA FLEET, LLC AND RIVER TUG LLC AS OWNER AND OPERATOR OF THE M/V LOUISIANA FOR EXONERATION FROM<br><br>AND/OR LIMITATION OF LIABILITY OPERATOR OF THE M/V LOUISIANA | CIVIL ACTION NO: 2:22-cv-00504<br><br>DISTRICT JUDGE:<br>HON. ELDON E. FALLON<br><br>MAGISTRATE JUDGE:<br>HON. DONNA PHILLIPS CURRAULT<br><br>Admiralty – Rule 9(h) |

## ORDER AND REASONS

Before the Court are two motions for summary judgment, one by NGL Marine, LLC, ("NGL") and one by American River Transportation Company, LLC ("ARTCO"). After reviewing the record and briefing, the Court rules as follows.

### I. BACKGROUND

This suit arises out of alleged property damage caused by vessels located in a fleeting facility which became unmoored during Hurricane Ida on or around August 29, 2021. R. Doc. 1 at 3. Petitioners are the fleeting facility located at or around the Mile 122 marker on the Lower Mississippi River (the "Mile 122 Fleet") and are the owner and operator of the M/V LOUISIANA, the fleet boat for the Mile 122 Fleet. *Id.* at 2-3. The Court is well acquainted with the facts and procedural history of this limitation of liability action and will not reproduce the entire background in this order.[1]

### II. PRESENT MOTIONS

---

1. For a more complete description of this suit and the claimants involved, see R. Doc. 503 (denying two motions for summary judgment, R. Docs. 406 and 412, in this action).

1

### a. NGL's Motion

NGL filed a motion for summary judgment urging the Court to dismiss Petitioners' tender of NGL to Valero Refining – New Orleans LLC ("Valero") and Canal Barge Company ("CBC"), arguing that the record contains no evidence that it or its vessels caused the damage to docks at Valero's refinery. R. Doc. 384. Petitioners' in so tendering allege that NGL's barge, NGL 3016, which had been moored at the Bayou Fleet located across the River from Petitioners' fleet, became uncoupled during the storm and then came to rest at Shell Norco's refinery docks. R. Doc. 160 at 4-5; R. Doc. 384-1 at 2-3. Petitioners allege that once resting at Shell Norco, the NGL 3016 was secured to and/or tethered to and/or lodged against the barge CBC 7029," a barge owned by CBC. R. Doc. 160 at 4. Petitioners then allege that "the barge NGL 3016 was negligently removed from the Shell NORCO Refinery docks, which in turn caused barge CBC 7029, which was otherwise secured, and/or which NGL negligently failed to re-secure, to drift downriver where it made contact with and came to rest against Valero Dock No. 6." *Id.* at 5. As such, Petitioners tendered NGL to Valero for the ensuing damage to Valero's property.

NGL's motion for summary judgment refutes this characterization of events, arguing that the evidence adduced thus far demonstrates that NGL did not move the NGL 3016, as indicated by the account of Captain Rester of NGL's MAKENZI HAIDYN. R. Doc. 384-1 at 5-6. While retrieving other NGL vessels that had broken away, Captain Rester allegedly identified the NGL 3016 at the Shell Norco facility beside the CBC 7029 but neither tethered nor connected to this barge. *Id.* He further stated that he did not adjudge it safe to dislodge the NGL 3016 without causing a "domino effect" and therefore did not remove the barge from the Shell Norco facility as Petitioners allege. *Id.* (citing Captain Rester's Unsworn Declaration, R/ Doc. 384-5). NGL avers that Captain Rester took a video which shows that the NGL 3016 was not tethered or connected to

the CBC 7029. *Id.* Therefore, NGL moves for this Court to dismiss Petitioners' tender of NGL to Valero and CBC, arguing no evidence supports such tender.

Petitioners filed a response in opposition in which they argue that NGL's motion is based on "speculative, unsubstantiated allegations and mischaracterization of record evidence." R. Doc. 388 at 6. Asserting that other witnesses and evidence in the record repudiate the account of Captain Rester, Petitioners argue that summary judgment is inappropriate with so many issues of fact that remain contested. *Id.* at 10-11.

### b.  ARTCO's Motion

ARTCO filed a motion for summary judgment on all claims asserted against it in this limitation action. R. Doc. 397. ARTCO is the operator of two fleets near Petitioners' fleet: the Hahnville Fleet at or around Mile 122 on the west bank, and the Canizaro Fleet at or around Mile 121 on the east bank. R. Doc. 397-1 at 2. ARTCO alleges that the Hahnville Fleet was struck by Mile 122 Fleet vessels that had broken away and drifted across the River, which then uncoupled Hahnville Fleet vessels, and that the Canizaro Fleet suffered independent breakaways. *Id.* at 3. In their motion, ARTCO argues that it acted with reasonable care in securing and monitoring these fleets and, in the alternative, that Hurricane Ida was an Act of God and therefore, even if deemed negligent, ARTCO is not liable as no amount of precaution would have prevented the breakaways and damage. *Id.* at 5-6.

LeBeouf Brothers Towing ("LBT") filed a response not opposing ARTCO's position but rather urging that, should the Court find ARTCO entitled to the Act of God defense, then it too should be entitled to such defense. R. Doc. 416. St. Charles Parish responded in opposition to ARTCO's motion, arguing that ARTCO did not in fact comply with fleeting and safety regulations because its fleets were too far apart from one another to have only one fleet boat assigned to them

both, which in turn led to failures in surveillance, inspections, and fleet monitoring before and during Hurricane Ida. R. Doc. 429 at 1-4. Petitioners filed for leave to submit an opposition response, arguing that the evidence refutes ARTCO's allegations that Petitioners' breakaways were the cause of the Hahnville breakaways. *See* R. Doc. 508.

### III.    APPLICABLE LAW & DISCUSSION

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

NGL is not entitled to summary judgment because there exist too many questions of material fact as to the NGL 3016's breakaway and subsequent movement between Shell Norco and Valero. The record contains competing witness accounts as to whether the barge was connected or tethered to the CBC 7029, its position at Shell Norco, and its ultimate position at Valero. Competing witness accounts inherently raise credibility questions.

ARTCO is similarly not entitled to summary judgment. As this Court noted in its order addressing another motion for summary judgment in this litigation, adjudicating the Act of God

defense's applicability raises questions surrounding the conditions decision makers faced, which conditions were known by whom and when, whether decision makers acted reasonably given these circumstances, and more. There are too many questions of material fact underlying the breakaways at Mile 122 and ARTCO's facilities to warrant summary judgment.

Accordingly, the Court **DENIES** NGL's motion for summary judgment, R. Doc. 384, and **DENIES** ARTCO's motion for summary judgment, R. Doc. 397.

New Orleans, Louisiana, this 20th day of September, 2023.

_____
**UNITED STATES DISTRICT JUDGE**