**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF MAGNOLIA FLEET, LLC AND RIVER TUG LLC AS OWNER AND OPERATOR OF THE M/V LOUISIANA FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY OPERATOR OF THE M/V LOUISIANA** | **CIVIL ACTION NO: 2:22-cv-00504**<br><br>**DISTRICT JUDGE:**<br>**HON. ELDON E. FALLON**<br><br>**MAGISTRATE JUDGE:**<br>**HON. DONNA PHILLIPS CURRAULT**<br><br>Admiralty – Rule 9(h) |

**ORDER & REASONS**

**I.     BACKGROUND**

This suit arises out of alleged property damage caused by vessels located in a fleeting facility which became unmoored during Hurricane Ida on or around August 29, 2021. R. Doc. 1 at 3. Petitioners Magnolia Fleet and River Tug ("Petitioners") are the fleeting facility located at or around the Mile 122 marker on the Lower Mississippi River (the "Mile 122 Fleet") and are the owner and operator of the M/V LOUISIANA, the fleet boat for the Mile 122 Fleet. *Id.* at 2-3. Petitioners filed for Exoneration From or Limitation of Liability on February 25, 2022, alleging that neither they nor the M/V LOUISIANA are liable for any damages or injuries resulting from the uncouplings that occurred at their in the aftermath of Hurricane Ida. *Id.* at 3-4. Alternatively, Petitioners argue that in the event they are found to be liable for any of the claims asserted against them, they are entitled to limit their liability pursuant to 46 U.S.C. §§ 30501-30512, the Limitation of Liability Act, and/or that Hurricane Ida constituted an Act of God. *Id.* at 4-5. Numerous claimants have filed claims in this matter and have subsequently crossclaimed, counterclaimed, or tendered one another at various points of this litigation. The matter is set for a bench trial in October 2023.

1

## II.     PRESENT MOTIONS

Before the Court are three motions in limine: (1) one offered by Vopak Industrial Americas St Charles, LLC ("Vopak") seeking to exclude the supplemental opinion of Entergy's expert witness Jason Fernandes,[1] R. Doc. 487; (2) one offered by Petitioners seeking to exclude drone footage taken by Rocky Hickman of their fleeting facility, R. Doc. 488; and (3) one offered by several claimants[2] ("Claimants") seeking to exclude the supplemental opinion of Petitioners' expert witness John Leary, R. Doc. 517.[3] Entergy filed an opposition in response to Vopak's motion, R. Doc. 548. Rocky Hickman filed an opposition in response to Petitioners motion in limine, R. Doc. 521. Valero Refinery-New Orleans ("Valero") filed a memorandum seeking to join Rocky Hickman's opposition, R. Doc. 524. Petitioners filed an opposition memorandum to Claimants' motion in limine, R. Doc. 550.

Vopak moves the Court to exclude the supplemental opinion of Entergy expert Fernandes alleging the opinion is untimely and prejudicial. R. Doc. 487. On September 13, 2023, Entergy alerted counsel in this matter to a supplemental opinion which adds one sentence to Fernandes's already-submitted report: "The damages sustained by Entergy's berthing structure is consistent with contact by Tank Barge 'KIRBY 17225.'" R. Doc. 487-3. Vopak alleges that Fernandes "fails to state the basis and reasons for his one-sentence opinion, fails to state the facts or data that [he] considered . . . and fails to identify any exhibits that he will use" in support of this opinion. R. Doc. 487-1 at 2. Further, Vopak argues that this is untimely submitted on the eve of trial and that Entergy did not move to modify the scheduling order. *Id.* at 2-3. In response, Entergy alleges that

---

1. Vopak filed a motion to exclude as well as this motion in limine addressing Jason Fernandes's supplemental opinion. See R. Doc. 466. Vopak also filed a motion to expedite its motion to exclude, R. Doc. 467, and Kirby Inland Marine filed motions to join both of Vopak's motions. See R. Docs. 468, 506. This order will dispense with all such motions.
2. The claimants offering this motion in limine are St. Charles Parish, Maintenance Dreding,Turn Services, Rocky Hickman, Valero Refining-New Orleans, NGL Marine, and Florida Marine, LLC ("Claimants").
3. Claimants also filed a motion for expedited hearing of this motion in limine. R. Doc. 511.

Fernandes's preliminary report was available as early as February 15, 2023 and that on July 21, 2023 Entergy disclosed Fernandes as its expert. R. Doc. 548 at 3. Entergy maintains that there is no surprise or prejudice to Vopak, as Entergy's theory of damages to its structures has long been known to involve the alleged allision of Vopak's barge with its structures. *Id.*

Petitioners move the Court to exclude photographs taken by drone above their fleeting facility by Rocky Hickman on March 14, 2023, the day before Petitioners' corporate deposition. R. Doc. 488-1 at 2-3. Petitioners argue that their facility is governed by the Maritime Security Directive (MARSEC) which requires certain security procedures. *Id.* at 2. Petitioners argue that the Court should exclude the footage because it "was obtained without Magnolia Fleet's consent" and that Hickman "acted recklessly by flying a drone over a secure facility that contains loaded tank barges. This behavior should not be condoned." *Id.* at 4. They further argue that Rule 403 warrants its exclusion as it is unfairly prejudicial and a waste of time, given that the footage provides "no further detail of the fleet than would a Google earth image." *Id.* at 3-5. In opposition, Hickman argues that the footage is relevant and probative because it shows that Petitioners continue to use tiering and mooring protocols that lack compliance with federal regulations. R. Doc. 521 at 2. He alleges he offers these photos as impeachment evidence and that Petitioners have not met their burden to show that the photos are inadmissible under Rule 403. *Id.* at 3.

Claimants move the Court to exclude the supplemental opinion of Petitioners' expert John Leary. R. Doc. 517. Leary's opinion consists of calculations of the force exerted on Petitioners' fleet during the hurricane at wind speeds of 150mph, and his supplemental opinion, provided by Petitioners on September 18, 2023, includes calculations at additional wind speeds. *See* R. Doc. 517-1 at 2-3. Claimants argue this supplemental opinion is untimely, as Petitioners did not move to modify the scheduling order, and that Claimants are unable to rebut these new calculations

3

before trial. *Id.* at 3. Petitioners in response argue that Leary was asked to perform calculations with these new wind speeds during his deposition earlier this summer and he refused to do such calculations on the spot. R. Doc. 550 at 3-4. Petitioners argue that Claimants requested these parameters in the deposition and cannot now argue untimeliness or prejudice and unfair surprise. *Id.* Noting that Leary provided these additional calculations approximately one month after his deposition, Petitioners argue that Leary operated as quickly as time would permit in supplementing his opinion. *Id.* at 3.

**III.   APPLICABLE LAW**

Evidence is only admissible if it is relevant—that is, if: (1) "it has any tendency to make a fact more or less probable than it would be without the evidence" and (2) "the fact is of consequence in determining the action." Fed. R. Evid. 401. Moreover, under the Federal Rules of Evidence Rule 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of" any of the following: unfair prejudice, confusion, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Federal Rule of Evidence 702 provides that an expert witness may offer an opinion at trial if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Courts recognize that *Daubert* factors may be less stringently applied in the non-jury trials and a judge sitting as trier of fact may consider expert evidence that it might not otherwise permit a jury to consider. *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000) ("Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury."); *see also Atlantic Specialty Insurance Co. v. Porter, Inc.*, 2016 WL 6569346, at *3 (E.D. La. Nov. 4, 2016) ("In *Daubert*, the Supreme Court's overriding concern was the problem of exposing the

jury to confusing and unreliable expert testimony. . . . [I]n the context of a bench trial, the *Daubert* gatekeeping obligation is less urgent, because the gatekeeper and trier of fact are the same.").

## IV. DISCUSSION

The Court will address each motion in turn, beginning with the motion in limine to exclude the supplemental opinion of Jason Fernandes. While the Court understands the timeliness concern, there is no prejudice in this supplemental opinion because Entergy has long made it known in this litigation what its position will be as to the KIRBY 17225 barge and its alleged damage to Entergy's structures. The Court finds no unfair surprise with the addition of this one sentence and therefore will deny this motion in limine.

Turning to the drone footage, the Court finds no admissibility issue with this evidence. The photographs are relevant under Rule 401 and Rule 403's balancing test weighs in favor of admitting the evidence. There is no prejudice because, as Petitioners point out, this same information is accessible via Google Earth. *See* R. Doc. 488-1 at 3. Petitioners' primary concern seems to be that Hickman lacked their consent to obtain this footage, but surveillance footage is not in and of itself inadmissible. If Petitioners allege a trespass, they can bring such suit in a separate action.

Lastly, Leary's supplemental opinion, like that of Fernandes, is not prejudicial in this matter. Leary was asked during his deposition to perform these additional calculations and then did so.

Accordingly, the Court **<u>DENIES</u>** the motion in limine seeking to exclude Jason Fernandes's supplemental opinion, R. Doc. 487, the motion in limine seeking to exclude the drone footage, R. Doc. 488, and the motion in limine seeking to exclude John Leary's supplemental opinion, R. Doc. 517. Additionally, Vopak's motion to exclude, R. Doc. 466, Vopak's motion to

expedite such motion's hearing, R. Doc. 467, Kirby Inland Marine's motions to join, R. Docs. 468 and 506, and Petitioners' motion to expedite, R. Doc. 511, are hereby **DENIED** as moot.

New Orleans, Louisiana, this 27th day of September, 2023.

_____
**UNITED STATES DISTRICT JUDGE**